FILED

14 OCT 15 PM 2:39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HERNANDEZ, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC.,<br><br>Defendant. | CASE NO. 13cv2587-JM(KSC)<br><br>ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING A SECOND DAY OF PLAINTIFF'S DEPOSITION<br><br>[Doc. No. 28.] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute Regarding a Second Day of Plaintiff's Deposition. [Doc. No. 28.] In the parties' Joint Motion, defendant requests an order pursuant to Federal Rule of Civil Procedure 30(d)(1) compelling plaintiff Jack Hernandez to appear for a second day of deposition. Plaintiff opposes the request. For the reasons outlined below, the Court finds that defendant's request must be GRANTED.

## *Background*

In the operative Second Amended Complaint ("Complaint") plaintiff alleges that he has been and is currently employed by defendant Best Buy Stores, L.P., as a store manager in a salaried position at one of defendant's Best Buy Mobile locations. [Doc. No. 19, at p. 1.] The main allegation in plaintiff's class action Complaint is that general managers at Best Buy Mobile locations routinely work more than eight hours per day

and more than 40 hours per week without overtime pay and mandated meal and rest periods because they are mis-classified as "exempt" employees under California law. [Doc. No. 19, at p. 3, 5.] Plaintiff alleges that managers at Best Buy Mobile locations do not meet the requirements for "exempt" employees under California law, because they regularly spend more than 50 percent of their time performing non-exempt tasks and because their work does not regularly involve discretion or independent judgment. [Doc. No. 19, at p. 6.] According to plaintiff, managers spend most of their time on non-exempt tasks because of a consistent, uniform corporate policy of "inadequate staffing" at all Best Buy Mobile locations. [Doc. No. 19, at pp. 6-7.]

Since plaintiff's Complaint includes class allegations, a Scheduling Order filed on February 19, 2014 gave the parties deadlines to complete class discovery and to file any motions related to class certification. [Doc. No. 11, at p. 1-3.] However, fact and class discovery were not bifurcated. [Doc. No. 11, at p. 1.] On March 27, 2014, defendant deposed plaintiff for a full day of seven hours. [Doc. No. 28, at pp. 2, 8.]

### ***Discussion***

Federal Rule of Civil Procedure 30(d)(1) states as follows: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." Fed.R.Civ.P. 30(d)(1). A party who seeks leave of court to exceed the limit of one day of seven hours "is expected to show good cause to justify such an order." Fed.R.Civ.P. 30(d) advisory committee's note (2000 Amendment).

Rule 26(b)(2)(A) allows the Court to "alter the limits . . . on the length of depositions under Rule 30." Fed.R.Civ.P. 26(b)(2)(A). Under Rule 26(b)(2)(C), the following factors must be considered when altering the frequency or extent of discovery allowed under the Federal Rules: (1) whether "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) whether "the party

seeking discovery has had ample opportunity to obtain the information by discovery;" and (3) whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii).

Defendant argues that a second day of deposition is necessary, because plaintiff "added long, rambling and non-responsive soliloquies after answering simple yes or no questions." [Doc. No. 28, at p. 3.] In other words, defendant claims that plaintiff purposely impeded the examination. In the Joint Motion, defendant supported this argument with an example of a long, rambling, non-responsive answer from the transcript of plaintiff's deposition and referred the Court to several other instances when plaintiff did not simply answer the question. [Doc. No. 28, at pp. 4-6.] As a result of plaintiff's repeated non-responsive and rambling answers, defendant argues that it was unable to complete the examination in the seven hours permitted by Rule 30(d)(1).

Defendant also argues that plaintiff's counsel encouraged his client to continue his "rambling non-responsive answers to simple yes or no questions." [Doc. No. 28, at p. 6.] In support of this contention, defendant cites the following statements by plaintiff's counsel in the deposition transcript: "Counsel, your questions, just because you think they call for a yes or no, does not mean that my client has to answer them that way. He's entitled to explain himself. . . . Go ahead and answer [the question] the same way you were before." [Doc. No. 28, at p. 6.]

Finally, defendant contends that its request for more deposition time is reasonable as plaintiff is not only asserting his own individual claims, but he is also asserting claims on behalf of a class. [Doc. No. 28, at p. 3.] Defense counsel has represented that it is necessary for him to question plaintiff about a number of documents that relate to individual and class claims. [Doc. No. 28, at p. 7.]
///

1    Plaintiff opposes defendant's request for additional deposition time for several
2 reasons. First, plaintiff argues that defendant has grossly mis-characterized his
3 deposition testimony. Plaintiff believes that defendant's example of a long, rambling
4 response is unfair because it was taken out of context, and his long response was
5 logical when viewed in light of the discussion that preceded it. [Doc. No. 28, at p. 9.]
6 Second, defendant's argument that plaintiff impeded the deposition with long, rambling
7 responses overlooks the majority of instances when plaintiff provided direct and
8 concise answers to defense counsel's questions. In support of this argument, plaintiff
9 submitted a number of excerpts from the transcript of plaintiff's deposition in which
10 he provided direct, concise responses to questions posed by defense counsel. [Doc. No.
11 28, at pp. 10-11.]
12    Third, plaintiff argues that seven hours of deposition time was sufficient because
13 the case is not complex and defense counsel's examination during this time period was
14 "wide ranging and unrestricted." [Doc. No. 28, at p. 12-14.] Defense counsel was,
15 without restriction, able to question plaintiff about the merits of his individual claims
16 as well as class certification issues. [Doc. No. 28, at pp. 12-14.] Fourth, plaintiff claims
17 that defendant cannot justify additional deposition testimony based on the class
18 allegations in the Complaint when it has refused "to provide any discovery responses
19 concerning class issues." [Doc. No. 28, at p. 11.]
20    Based on the parties' submissions in support of the Joint Motion, it is unclear
21 whether plaintiff significantly impeded his deposition. The transcript of plaintiff's
22 deposition is 326 pages long. [Doc. No. 28-3, at p. 29.] Defendant submitted 23 pages
23 of relevant testimony in support of its request for additional deposition time. [Doc. No.
24 28-2, at pp. 5-27.] Plaintiff submitted 20 pages of relevant testimony in opposition to
25 defendant's request. [Doc. No. 28-3, at pp. 9-28.] Neither party lodged the entire
26 transcript for the Court's consideration.
27    On the other hand, it is apparent based on the information submitted by the
28 parties that defense counsel was unable to complete his examination of plaintiff in the

seven hours allowed under Rule 30(d)(1). During the lunch period at the deposition on March 27, 2014, defense counsel has represented that he gave plaintiff 20 documents and explained that he wanted to ask plaintiff about each document and then mark the documents as exhibits to the deposition. However, defense counsel was only able to ask plaintiff about five out of the 20 documents in the time remaining to conduct the deposition that day. [Doc. No. 28, at p. 7.] Plaintiff has not argued that the remaining documents are irrelevant to issues raised in the parties' pleadings. The Court is therefore convinced there is good cause to order additional deposition time, so that defendant is able to complete a fair examination of plaintiff. However, since plaintiff has represented that he had to rent a car and travel two hours to his prior deposition, which was held at defense counsel's office in Irvine, the Court will require the deposition to continue in San Diego at a time and place that is convenient for plaintiff. The deposition shall continue for seven hours or less, excluding breaks, for the purpose of completing examination on the documents remaining from the prior deposition and on class issues, as necessary to respond to plaintiff's anticipated motion for class certification.[1]

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.   Plaintiff's request for an order compelling plaintiff Jack Hernandez to appear for a second day of deposition pursuant to Rule 30(d)(1) is GRANTED. [Doc. No. 28.]

///

---

[1] As stated in the Court's prior Scheduling Order filed February 19, 2014, "[f]act and class discovery are not bifurcated." [Doc. No. 11, at p. 1.] However, the parties were given deadlines for completing class discovery and for filing any motions related to class certification. [Doc. No. 11, at p. 1-3.] These deadlines were vacated on May 19, 2014 because of delays in discovery caused by discovery disputes. [Doc. No. 29.] Once all pending discovery disputes have been resolved, the Court will issue an amended scheduling order resetting the deadlines for completing class discovery and for filing any motions related to class certification. After a motion for class certification has been filed, the Court will set a Case Management Conference. The purpose of the conference will be to set a timetable and schedule for future proceedings and fact discovery and to explore possibilities for early settlement.

2. Plaintiff's continued deposition shall take place ***on or before November 28, 2014*** in San Diego at a time and place that is convenient for plaintiff. The deposition shall continue for seven hours or less, excluding breaks.

IT IS SO ORDERED.

Date: __Oct 15__, 2014

KAREN S. CRAWFORD
United States Magistrate Judge