FILED

14 OCT 27 AM 8: 17

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DG

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HERNANDEZ, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC.,<br><br>Defendant. | CASE NO. 13cv2587-JM(KSC)<br><br>ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[Doc. No. 30.] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 30.] In the Joint Motion, plaintiff seeks an order compelling defendant to provide adequate responses to interrogatories and requests for production of documents. Plaintiff also seeks an order compelling defendant to produce all relevant documents in response to its requests for production of documents and to provide a privilege log for any relevant documents being withheld as privileged. For the reasons outlined below, the Court finds that plaintiff's request for an order compelling defendant to supplement its responses to written discovery and to produce relevant documents must be GRANTED in part and DENIED in part. In addition, the Court finds that plaintiff's request for an order compelling defendant to provide a privilege log must be GRANTED.

///

## *Background*

In the operative Second Amended Complaint ("Complaint") plaintiff alleges that he has been and is currently employed by defendant Best Buy Stores, L.P., as a store manager in a salaried position at one of defendant's Best Buy Mobile locations. [Doc. No. 19, at p. 1.] The main allegation in plaintiff's class action Complaint is that general managers at Best Buy Mobile locations routinely work more than eight hours per day and more than 40 hours per week without overtime pay and mandated meal and rest periods because they are mis-classified as "exempt" employees under California law. [Doc. No. 19, at pp. 3, 5.] Plaintiff alleges that managers at Best Buy Mobile locations do not meet the requirements for "exempt" employees under California law, because they regularly spend more than 50 percent of their time performing non-exempt tasks and because their work does not regularly involve discretion or independent judgment. [Doc. No. 19, at p. 6.] According to plaintiff, managers spend most of their time on non-exempt tasks because of a consistent, uniform corporate policy of "inadequate staffing" at all Best Buy Mobile locations. [Doc. No. 19, at pp. 6-7.]

Since plaintiff's Complaint includes class allegations, a Scheduling Order filed on February 19, 2014 gave the parties deadlines to complete class discovery and to file any motions related to class certification. [Doc. No. 11, at pp. 1-3.] However, fact and class discovery were not bifurcated. [Doc. No. 11, at p. 1.]

## *Discussion*

The scope of discovery under Rule 26(b) is broad: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). However, a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery

outweighs the likely benefit. The party resisting discovery generally bears the burden to show that the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome, unreasonable, or oppressive. If the resisting party meets its burden, the burden shifts to the moving party to show the information is relevant and necessary. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (2010).

***Plaintiff's Interrogatory No. 7*** seeks the identity of "each salaried store manager that [defendant or anyone acting on defendant's behalf] has communicated with in any way concerning the claims made by the plaintiff in the Complaint." [Doc. No. 30, at p. 3.] Defendant objected to this interrogatory on various grounds and did not provide a substantive response. [Doc. No. 30, at pp. 3-4.]

In the Joint Motion, defendant argues that it should not be required to provide a substantive response to Interrogatory No. 7 for two reasons. First, defendant contends that Interrogatory No. 7 is unreasonably broad, vague, and ambiguous, because, as worded, it appears to require defendant to contact each and every employee or agent to determine whether he or she has had any of the requested communications.

Second, defendant contends that Interrogatory No. 7, as worded, includes a request for the identity of any salaried store manager who has been interviewed by defendant's counsel for purposes of this litigation. Defendant contends this information is protected under the work product doctrine.

The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and states as follows:

> (A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

/ / /

/ / /

> (B) If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed.R.Civ.P. 26(b)(3). The party asserting the work product doctrine bears the burden of establishing that it applies. *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

"It appears that the privilege created under Rule 26(b)(3) covers intangible material as well as tangible things. Initially, the rule itself indicates that 'the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.' Fed.R.Civ.P. 26(b)(3). Whereas such opinions and theories could be in a written, tangible form, it is equally possible that they could reside simply in the intangible thoughts of a party's counsel. Opposing counsel cannot be allowed to gain access to 'opinion work product' simply because of the fact that they have not been reduced to a tangible form." *Laxalt v. McClatchy*, 116 F.R.D. 438, 441-442 (D. Nev. 1987).

It is well established that "the identity of witnesses having knowledge of relevant facts is discoverable information." *American Floral Services v. Florists' Transworld Delivery Association*, 107 F.R.D. 258, 260 (D.C. Ill. 1985). However, the disclosure of "all persons interviewed" by counsel qualifies for protection as "intangible" work product under *Hickman v. Taylor*, 329 U.S. 495 (1947), if it would reveal "significant insights" into an opposing lawyer's case preparation and mental processes. *American Floral*, 107 F.R.D. at 261.

Two contrasting cases are instructional. First, in *American Floral*, 107 F.R.D. at 258, the plaintiff alleged that defendants, its direct competitors, engaged in anti-competitive practices by enforcing a particular limitation on member florists. *Id.* at 259. After defendants only revealed enforcement of the limitation against one of its many member florists during discovery, plaintiff located and interviewed two other member florists who provided damaging facts about the defendants' alleged anti-

competitive misconduct. *Id.* at 259. Plaintiff then revealed during a discovery conference that it had interviewed these two member florists. *Id.* Defendant demanded that plaintiff disclose the identities of the interviewees because they were witnesses with knowledge of the facts of the case, but plaintiff objected that "the identity of the interviewees [was] protected from discovery by the attorney work product doctrine." *Id.* at 260. However, the District Court concluded that the identities of the two witnesses did not qualify for work product protection. In reaching its conclusion, the District Court distinguished the circumstances at issue in this case from those in which an opposing party seeks the identities of all persons interviewed by counsel, as this had a much greater potential to reveal "significant insights" into the opposing lawyer's mental processes and preparation of the case. *Id.* at 261. In this case, no such "significant insights" would be revealed if plaintiff simply disclosed the identities of the two witnesses. Plaintiff had already revealed that the witnesses had been interviewed. The witnesses had knowledge of relevant facts and their identities would not reveal anything more about counsel's mental processes or theories about the case. *Id.* at 261-262.

Second, in *Laxalt v. McClatchy*, 116 F.R.D. 438, the plaintiff brought a libel action against defendants for including damaging information about him in a series of newspaper articles. *Id.* at 439. During the litigation, defendants hired two investigators. Both investigators were aware of some relevant facts obtained during their prior employment in governmental positions. They then gathered additional factual information for defense counsel in preparation for trial in the libel action. *Id.* at 439-440. During their depositions, the investigators were asked to divulge "all of the relevant facts in the litigation" as well as the identities of all witnesses who were "interviewed in the course of their investigations." *Id.* at 443. The District Court instructed that the investigators could not simply be asked to reveal "all of the relevant facts in the litigation," as such a broad based question "could easily lead to the disclosure of mental impressions or strategy" which was protected as work product.

*Id.* at 443. The investigators could, however, be asked questions tailored to "elicit specific factual material" discovered in their roles as investigators, because "[w]ork product immunity does not protect the facts which an adverse party may have learned or the persons from who such facts were garnered. . . ." *Id.* at 442-443. However, the investigators could not be asked to reveal which witnesses were interviewed during the course of their investigation, because "[t]his sort of information is the type of mental impressions and trial strategy which the work product rule was meant to protect." *Id.* at 443.

In a more recent case entitled *In re Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385 (S.D. Cal. 2002), the defendant served interrogatories seeking the identity of "current or former employees and sales representatives of defendant Ashworth who provided information regarding the allegations contained in the [operative] Complaint." *Id.* at 386 n.1. Although plaintiff disclosed the identities of a large number of defendant's current or former employees and/or sales representatives who were "likely to have discoverable information" in their initial disclosures and in responses to interrogatories, plaintiff declined to state which of these many individuals provided information regarding the allegations in the Complaint. *Id.* at 386. Defendant moved to compel further responses. *Id.* Plaintiff opposed, arguing that defendant's interrogatories essentially sought disclosure of the identities of individuals that plaintiff decided to interview in the course of its investigation, but this information was protected from disclosure under the work product doctrine. *Id.* at 386-387. The District Court agreed, stating that any further responses to defendant's interrogatories "would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with [p]laintiff's counsel's legal theories and conclusions as outlined in the complaint." *Id.* at 389.

In a prior Order filed October 15, 2014, this Court ordered defendant to provide plaintiff with contact information for salaried store managers (*i.e.*, members of the

putative class) in response to plaintiff's Interrogatory No. 1. [Doc. No. 32, at pp. 15-16.] The putative class includes approximately 70 individuals at 30 stores in California. [Doc. No. 26-1, Righetti Decl., Ex. 4, at p. 34; Doc. No. 26, at p. 13.] Plaintiff now has the ability to contact or depose these individuals. Other than to discover counsel's opinions as to the relative importance of these individuals to the defense, this Court simply cannot discern any reason plaintiff would want the identities of salaried store managers that have been contacted by defendant, its agents, or its counsel "in any way concerning the claims made by the plaintiff in the Complaint." [Doc. No. 30, at p. 3]. This Court therefore agrees with defendant that Interrogatory No. 7 seeks information protected from discovery by the attorney work product doctrine. As a result, the Court finds that plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 7 must be DENIED.

***Plaintiff's Interrogatory Nos. 17, 19, and 21*** are contention interrogatories seeking "all facts" supporting "the legal conclusions" asserted in the fourth, sixth, and seventh defenses listed in defendant's Answer.[1] [Doc. No. 30, at pp. 8, 14, 16.] In the "Fourth Defense," the Answer essentially states that the case is not appropriate for class action treatment based on the factors set forth in Federal Rules of Civil Procedure 23(a) and 23(b).[2] [Doc. No. 1-3, at p. 4.] The "Sixth Defense" is that "[t]he purported

---

[1] A "contention interrogatory" is "any question that asks another party to indicate *what* it contends." *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985).

[2] "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-980 (9th Cir. 2011). "Rule 23(a) requires parties seeking class certification to establish: (1) that the class is so large that joinder of all members is impracticable (numerosity); (2) that there are one or more questions of law or fact common to the class (commonality); (3) that the named parties' claims are typical of the class (typicality); and (4) that the class representatives will fairly and adequately protect the interests of other members of the class (adequacy of representation). Fed.R.Civ.P. 23(a)." *Id.* at 980. "The proposed class or subclass must also satisfy the requirements of one of the sub-sections of Rule 23(b), 'which defines three different types of classes.' [Citation omitted.]" *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). For example, Rule 23(b) is satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only

class . . . is not ascertainable and, thus, no well-defined community of interest exists among the purported class members."[3] [Doc. No. 1-3, at p. 4.] In the "Seventh Defense," defendant claims that "a class action is not the superior method for adjudicating this dispute" (*i.e.*, that part of Rule 23(b)(3) is not satisfied). [Doc. No. 1-3, at p. 4.] Defendant objected to Interrogatory Nos. 17, 19, and 21 on various grounds and did not provide any substantive responses. [Doc. No. 30, at pp. 9, 14-15, 16-17.]

Plaintiff seeks an order compelling defendant to provide substantive responses to Interrogatory Nos. 17, 19 and 21, because the information requested in these interrogatories falls within the broad scope of discovery allowed under Rule 26(b)(1). According to plaintiff, these "straightforward interrogatories" merely seek relevant information about "affirmative defenses" included in defendant's Answer. [Doc. No. 30, at p. 10.]

Defendant argues that plaintiff has mistaken the fourth, sixth, and seventh defenses listed in defendant's Answer as "affirmative defenses." According to defendant, these are not really affirmative defenses, because plaintiff, not defendant, has the burden of proving the class certification requirements set forth in Rule 23. Because it is plaintiff's burden to demonstrate compliance with Rule 23, defendant argues that it should not be compelled to provide further responses to Interrogatory Nos. 17, 19, and 21, because plaintiff has not yet moved for class certification, so defendant does not yet know what facts, witnesses, or document it will use to support its opposition to plaintiff's "non-existent" motion. [Doc. No. 30, at pp. 10-11.]

As defendant contends, "[p]arties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco*

---

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . . ." Fed.R.Civ.P. 23(b)(3).

[3] "To obtain certification [under California law], a party must establish the existence of both an ascertainable class and a well-defined community of interest among the class members." *Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 435 (Cal. 2000).

*Wholesale Corp.*, 657 F.3d 970, 979-980 (9th Cir. 2011). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002). "Such a defense is merely rebuttal against the evidence [to be] presented by the plaintiff." *Barnes v. AT&T Pension Benefit Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1173 (N.D. Cal. 2010). Therefore, defendant is correct that the fourth, sixth, and seventh defenses listed in defendant's Answer are not really affirmative defenses.

Defendant, however, is not excused from responding to interrogatories or other discovery requests simply because they pertain to matters that plaintiff must affirmatively prove. As noted above, the scope of discovery under Rule 26 is broad, and "[p]arties may obtain discovery regarding any matter, not privileged, which is **_relevant to the claim or defense of any party_** involved in the pending action." Fed.R.Civ.P. 26(b)(1) (emphasis added).

It is also true that courts have sometimes found contention interrogatories to be abusive and/or premature, particularly if they are served "at the outset of litigation to harass the opposition knowing that the responses at that stage will produce little useful information." *In re Convergent*, 108 F.R.D. at 335-338. Rule 33 (a)(2) also provides that the Court may delay the need for a party to answer contention interrogatories until certain discovery has been completed. Fed.R.Civ.P. (a)(2).

Here, however, plaintiff's contention interrogatories are not premature. Class discovery should be complete or nearly complete at this point in the litigation, so defendant cannot avoid responding to discovery requests about class certification because it does not yet know what facts, witnesses, or document it will use to support its assertions. Nor can defendant be excused from responding to discovery on class certification issues simply because plaintiff has not yet moved for class certification. These interrogatories do not ask defendant to speculate on what arguments plaintiff will present in a class certification motion. Rather, these interrogatories ask defendant

to explain contentions made in its Answer. Presumably, defendant had a basis for asserting in its Answer that the case is not suitable for class treatment and/or that plaintiff cannot satisfy the requirements for class certification in Rule 23.

Defendant further argues that it should not be compelled to provide substantive responses to Interrogatory Nos. 17, 19, and 21 because, as worded, they are overly broad on their face, because they ask for "every fact" that supports defendant's position on class certification issues under Rule 23. As defendant argues, contention interrogatories "should not require the answering party to provide a narrative account of its case." *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-405 (D. Kan. 1998). Courts "will generally find [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' [or 'all facts'] which support[] identified allegations or defenses." *Id.* at 405. "Interrogatories may, however, properly ask for the 'principal or material' facts which support an allegation or defense." *Id.* For these reasons, the Court finds that Interrogatory Nos. 17, 19, and 21 are overly broad and unduly burdensome as worded and must be limited to the principal or material facts supporting the fourth, sixth, and seventh defenses in defendant's Answer.

Finally, defendant argues that the information plaintiff requests in response to Interrogatory Nos. 17, 19, and 21 is protected by the work product doctrine. Defendant believes these interrogatories seek access to the facts, witnesses, and documents defendant will rely upon to oppose any class certification motion filed by plaintiff. According to defendants, responding to these interrogatories will require it to divulge protected work product (*i.e.*, the impressions, conclusions, and opinions of its attorneys). [Doc. No. 30, at pp. 11-12.]

Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . . ." Fed.R.Civ.P. 33(a)(2). In other words, "'[c]ontention interrogatories' that ask a party what it contends or to state all the

[principal or material] facts upon which it bases a contention are perfectly legitimate." *Barnes v. District of Columbia*, 270 F.R.D. 21, 24 (D.D.C. 2010). *See also In re Rail Freight Fuel Surcharge Antitrust Litigation*, 281 F.R.D. 1, 3-4 (D.D.C. 2011). Contrary to defendant's argument, answering contention interrogatories does not "encroach[] upon an attorney's work product." *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5 (D.D.C. 1987). "[I]n answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts. . . . As the Advisory Committee Note [to Rule 33] reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery. [Citations omitted.]" *Id.* at 5 n.3.

Based on the foregoing, the Court finds that Interrogatory Nos. 17, 19, 21 do not specifically request or inquire into the mental impressions, conclusions, or legal theories of defense counsel. The interrogatories simply ask for defendant's contentions as to why it believes the case cannot or should not be certified as a class action. Therefore, defendant's work product and other objections are overruled, and the Court finds that plaintiff's request for an order compelling defendant to provide substantive responses to these interrogatories without objections must be GRANTED.

***Plaintiff's Document Request Nos. 63, 64, and 65*** also seek production of "any and all documents" that support defendant's assertions in the fourth, sixth, and seventh defenses listed in defendant's Answer. [Doc. No. 30, at pp. 26-28.] Defendant objected to these requests on various grounds and did not provide substantive responses or produce any responsive documents.

In opposing plaintiff's request for an order compelling defendant to provide a further response and to produce documents responsive to Document Request Nos. 63, 64, and 64, defendant merely refers to the arguments previously made as to related

Interrogatory Nos. 17, 19, and 21. For the reasons outline in the previous discussion, the Court rejected all of these arguments. As a result, the Court finds that plaintiff's request for an order compelling defendant to provide substantive responses and to produce any and all documents that are responsive to Document Request Nos. 63, 64, and 65 must be GRANTED. As to any responsive documents withheld as privileged, defendant must provide plaintiff with a privilege log that complies with Rule 26(b)(5).

***Plaintiff's Interrogatory Nos. 18, 20, and 22*** seek the identity of the following witnesses:

- All witnesses with knowledge of the facts relating to the legal conclusion in defendant's Answer (Fourth Defense) stating that the case is not appropriate for class treatment (No. 18);
- All witnesses with knowledge of facts relating to the legal conclusion in defendant's Answer (Sixth Defense) stating that the purported class is not ascertainable and no well-defined community of interest exists among the purported class members (No. 20);
- All witnesses with knowledge of facts relating to the legal conclusion in defendant's Answer (Seventh Defense) that a class action is not the superior method for adjudicating this dispute (No. 22).

[Doc. No. 30, at pp. 3, 8, 13, 14-17.] Defendant objected to these interrogatories on various grounds and did not identify any witnesses.

In opposing plaintiff's request for an order compelling defendant to provide further responses to Interrogatory Nos. 18, 20, and 22, defendant simply repeats the arguments made as to related Interrogatory Nos. 17, 19, and 21. Once again, the Court rejected defendant's arguments in the previous discussion of Interrogatory Nos. 17, 19, and 21. In addition, as noted above, it is well established that "the identity of witnesses having knowledge of relevant facts is discoverable information." *American Floral Services*, 107 F.R.D. at 260. Therefore, the Court finds that plaintiff's request for an

order compelling defendant to identify witnesses in response to Interrogatory Nos. 18, 20, and 22 must be GRANTED.

***Plaintiff's Document Request No. 29*** seeks production of "any and all documents which constitute, refer, or relate in any way to sales performance of salaried store managers and hourly (non-exempt) employees." [Doc. No. 30, at p. 18.] Defendant objected to this request on various grounds. In a supplemental response to this request, defendant stated that it would produce "any existing Sales Consultant Tracking Reports for the Best Buy Mobile store managed by plaintiff for the time period that plaintiff worked in the store as General Manager." [Doc. No. 30, at p. 19.] In the Joint Motion, defendant has represented that it has indeed produced these particular documents to plaintiff. [Doc. No. 30, at pp. 22-23.]

Defendant argues that plaintiff is not entitled to production of Sales Consultant Tracking Reports ("Tracking Reports") on a "class-wide basis" because he has not made a *prima facie* showing that class action requirements under Rule 23 have been met. However, in connection with a prior Joint Motion filed by the parties [Doc. No. 26], this Court concluded in an Order filed on October 15, 2014 that plaintiff did make a *prima facie* showing that there are grounds for seeking class certification under Rule 23 based on the allegations of the operative Complaint and other supporting information submitted by the parties. [Doc. No. 32, at pp. 13-14.] The Court therefore rejects defendant's argument.

Plaintiff argues that defendant's production of the Tracking Reports for the store where he worked as a general manager is not enough. According to plaintiff, the Tracking Reports for different stores are highly relevant to class certification issues and the merits of plaintiff's mis-classification claim. These reports show the sales performance for all employees in the stores, including store managers. Plaintiff expects these reports to demonstrate that members of the putative class (*i.e.*, store managers) were frequently the "best sales people" in their respective stores and were therefore not spending the majority of their time performing "exempt" work. Instead, plaintiff

claims that store managers were spending most of their time performing "non-exempt" work (*i.e.*, helping customers on the sales floor). Plaintiff believes these documents are relevant to refute defendant's contention that store managers were expected to spend most of their time performing "exempt" work. [Doc. No. 30, at pp. 19-20.] Plaintiff therefore seeks an order compelling defendant to produce Tracking Reports for all of its stores or for a sampling of its stores.

Defendant disputes the value and relevance of the Tracking Reports. According to defendant, it is useless to compare plaintiff's sales with the sales of part-time employees, particularly when plaintiff claims he worked up to 80 hours per week. In addition, defendant argues that sales evidence does not show whether there were any directives to putative class members as to how much time each was expected to spend performing particular duties. Nor has plaintiff submitted any evidence to show there is a connection between the amount of his sales and any communications with defendant as to how store managers should spend their time. [Doc. No. 30, at p. 23.]

Despite defendant's arguments to the contrary, plaintiff has argued convincingly that the Tracking Reports are relevant to class certification issues and the merits of plaintiff's mis-classification claim. He is entitled to pursue his theory of the case and simply cannot do so based solely on the Tracking Reports for the store where he worked. To test his theory, plaintiff is at least entitled to production of a sampling of reports from different stores. Therefore, the Court finds that plaintiff's request for an order compelling defendant to produce additional Tracking Reports from a sampling of stores must be GRANTED. For the time period placed in dispute in the operative Complaint (*i.e.*, during the four years preceding the filing of plaintiff's original Complaint up to the present), defendant shall be ordered to produce Tracking Reports for all Best Buy Mobile stores in the City and/or County of San Diego showing the sales for each employee. These documents should provide a sufficient sampling for plaintiff to determine whether his theory is a viable one.

///

To protect the privacy of third parties, defendant shall redact the names of "non-exempt" employees from all Tracking Reports produced in response to Document Request No. 29. The names of store managers shall not be redacted, but the Tracking Reports shall be produced subject to the Protective Order filed in this case on April 15, 2014. [Doc. No. 25.] As permitted by the Protective Order, the Tracking Reports shall, at defendant's election, be designated as "Confidential" or "Highly Confidential–Attorneys' Eyes Only." [Doc. No. 25, at pp. 2 *et seq*.]

***Plaintiff's Document Request No. 41*** seeks production of "any and all documents created within the past six years which discuss whether the salaried store managers positions in [defendant's] stores are or are not exempt from the overtime provisions of California's labor laws." [Doc. No. 30, at p, 23.] Defendant objected to this interrogatory on various grounds, including the attorney-client privilege and the work product doctrine, and stated that it "is not aware of any non-privileged responsive items as to Mobile GM putative class members." [Doc. No. 30, at p. 24.]

Given the obvious relevance of the documents requested, the Court agrees with plaintiff that defendant's response to this request is insufficient. Simply stating that one is "not aware" of responsive documents is vague and equivocal. Since it appears likely that any sizable business would have at least some responsive documents, even in the absence of litigation, plaintiff is entitled to an unequivocal response. As a result, the Court finds that plaintiff is entitled to an order compelling defendant to provide an unequivocal response to Document Request No. 41 and to produce any and all responsive documents that are not privileged. In addition, the Court will require defendant to provide a written declaration signed under penalty of perjury by an appropriate representative, other than outside counsel, stating that "to the best of [his or her] knowledge, information, and belief formed after a reasonable inquiry" that defendant's response to this request is "complete and correct as of the time it is made." Fed.R.Civ.P. 26(g)(1)(A).

/ / /

On the other hand, the Court agrees with defendant's complaint that Request No. 41 is overly broad and unduly burdensome. According to defendant, plaintiff declined to narrow the scope of this request. In the Joint Motion, plaintiff has not explained why he seeks production of documents "within the past six years," when the relevant time period is limited by plaintiff's employment and definition of the class to "the four years preceding the filing of this Complaint up until the date of class certification." [Doc. No. 17, at pp. 2, 6.] Without more, the Court will only require defendant to produce responsive documents created during this relevant time period.

Plaintiff also demanded a privilege log for any documents responsive to Request No. 41 that have been withheld as privileged. Defendant argues that it would be unduly burdensome and oppressive to prepare a privilege log when defense counsel's "litigation files created since plaintiff filed this lawsuit [more than] a year ago would be responsive to Request No. 41."[4] [Doc. No. 30, at p. 25.]

For practical reasons, there is support for defendant's position in case law. For example, the Third Circuit in *Grider v. Keystone Health Plant Central, Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009), concluded that a privilege log should not be required for communications between counsel and client after the commencement of litigation. According to the Third Circuit, "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship" and concluded that "a privilege log may not be required for

---

[4] In the Joint Motion, defendant complains in a footnote that plaintiff's demand for a privilege log is "disingenuous because he did not include a privilege log when he provided a similar response." [Doc. No. 30, at p. 25 n.1.] According to defendant, plaintiff responded as follows to defendant's Request No.36: "Plaintiff has no non-privileged information to disclose at this time." [Doc. No. 30, at p. 25 n.1.] However, the parties' Joint Motion was brought to raise disputes related to plaintiff's discovery disputes, not defendant's, and defense counsel "should not seek this Court's approval of a 'tit for tat approach to litigation." *Acushnet Co. v. Birdie Golf Ball Co., Inc.*, 166 F.R.D. 42, 43 (S.D. Fla. 1996). The Federal Rules do not contain a provision "authorizing a litigant to behave only as well as his opponent." *Id.* Defendant's remedy for responses it considers inadequate is, of course, to meet and confer and timely file a Joint Motion if the dispute cannot be resolved without the Court's assistance.

communications with counsel after the filing of a law suit." *See also U.S. v. Bouchard Transp.*, 2010 WL 1529248, at 2 (E.D.N.Y. 2010) (noting that "privilege logs are commonly limited to documents created before the date litigation was initiated"); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at 3 (N.D. Cal. 2009) (stating that "counsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log). *But see Horton v. U.S.*, 204 F.R.D. 670 (D. Colo. 2009) (stating that "common sense dictates that even post-filing correspondence and materials exchanged between lawyer and client must be listed on the privilege log").

To the extent any documents responsive to Document Request No. 41 are withheld as privileged, defendant must provide plaintiff with a privilege log that complies with Rule 26(b)(5). However, it is not necessary for the privilege log to list communications between counsel and client after the commencement of this litigation.

### ***Conclusion***

Based on the foregoing, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to written discovery requests, to produce responsive documents, and to provide a privilege log must be GRANTED in part and DENIED in part as follows:

1. Plaintiff's request for an order compelling defendant to provide a further response to Interrogatory No. 7 is DENIED. As worded, this interrogatory is overly broad and seeks information protected by the attorney work product doctrine.

2. Plaintiff's request for an order compelling defendant to provide further responses to Interrogatory Nos. 17, 19, and 21 is GRANTED.

3. Plaintiff's request for an order compelling defendant to provide further responses and to produce documents in response to Document Request Nos. 63, 64, and 65. To the extent any responsive documents are withheld as privileged, defendant must also provide plaintiff with a privilege log that complies in Rule 26(b)(5).

///

4. Plaintiff's request for an order compelling defendant to identify witnesses in response to Interrogatory Nos. 18, 20, and 22 is GRANTED.

5. Plaintiff's request for an order compelling defendant to produce documents in response to Document Request No. 29 is GRANTED. As outlined more fully above, defendant shall produce Tracking Reports for all Best Buy Mobile stores in the City and/or County of San Diego for the time period in dispute. Names of "non-exempt" employees shall be redacted from the reports. Names of "exempt" store managers may not be redacted, but the Tracking Reports shall be produced subject to the Protective Order filed in this case on April 15, 2014 [Doc. No. 25].

6. Plaintiff's request for an order compelling defendant to provide a further response and to produce documents in response to Document Request No. 41 is GRANTED. As outlined more fully above, defendant shall provide plaintiff with a full, complete, and unequivocal response to Document Request No. 41 and produce all responsive documents that fall within the relevant time period defined by plaintiff's dates of employment and the definition of the class. Defendant's response to Document Request No. 41 shall include a written declaration signed under penalty of perjury by an appropriate representative, other than outside counsel, stating that "to the best of [his or her] knowledge, information, and belief formed after a reasonable inquiry" that defendant's response to this request is "complete and correct." Fed.R.Civ.P. 26(g)(1)(A). To the extent any documents are withheld as privileged, defendant shall provide a privilege log that complies with Rule 26(b)(5). However, it is not necessary for the privilege log to list communications between counsel and client after the commencement of this litigation.

7. Defendant shall provide plaintiff will full and complete responses to Interrogatory Nos. 17, 18, 19, 20, 21, and 22 and Document Request Nos. 41, 63, 64, and 65 ***no later than December 5, 2014***. Defendant shall produce all documents

///

///

responsive to Document Request Nos. 29, 63, 64, and 65 ***no later than December 12, 2014***. To the extent any responsive documents are withheld as privileged, defendant must provide plaintiff with a privilege log no later than ***December 19, 2014***.

8. In a separate order, the Court will reschedule all dates and deadlines related to class certification issues that were previously vacated.

IT IS SO ORDERED.

Date: Oct 24, 2014

KAREN S. CRAWFORD
United States Magistrate Judge