# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HERNANDEZ, individually and on behalf of those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P., and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendant. | Case No.: 13cv2587 JM(WVG)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR (1) PERMISSIVE JOINDER; AND (2) TO DISMISS CLASS CLAIMS WITHOUT PREJUDICE** |

This order addresses Plaintiff Jack Hernandez's renewed single motion for permissive joinder and to dismiss class claims without prejudice filed on November 16, 2015. (Doc. No. 56). The motion was fully briefed and found suitable for resolution without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, Plaintiff's motion is denied.

///
///
///
///
///

1

## BACKGROUND

In the operative second amended complaint ("SAC"), Plaintiff alleges he was employed by Defendant Best Buy Stores, L.P., as a store manager in a salaried position at one of Defendant's Best Buy Mobile locations. (Doc. No. 19, ¶ 2). Plaintiff's main claim is that general managers at Best Buy Mobile locations routinely work more than eight hours per day and more than 40 hours per week without overtime pay and mandated meal and rest periods because they are misclassified as "exempt" employees under California law. (Id. at ¶¶ 3, 5, 11). Plaintiff alleges that managers at Best Buy Mobile locations do not meet the requirements for "exempt" employees under California law because they regularly spend more than 50 percent of their time performing non-exempt tasks and because their work does not regularly involve discretion or independent judgment. (Id. at ¶ 12). According to Plaintiff, managers spend most of their time on non-exempt tasks because of a consistent, uniform corporate policy of "inadequate staffing" at all Best Buy Mobile locations. (Id.).

The court set April 6, 2015 as the deadline for Plaintiff to file a motion for class certification. (Doc. No. 39). Rather than filing a motion for class certification, Plaintiff filed this motion for (1) permissive joinder pursuant to Federal Rule of Civil Procedure 20(a) and (2) to dismiss class claims without prejudice. (Doc. No. 40). Essentially, Plaintiff seeks to join "identical claims" on behalf of 30 individuals, who were purported members of the putative class, and to dismiss the class claim. (Doc. No. 40-2). Defendant responded with a motion for contempt sanctions and disqualification, alleging Plaintiff's counsel violated two court orders and the California Rules of Professional Conduct when he allegedly misused contact information for putative class members after receiving the information from Defendant during discovery. (Doc. No. 45). On June 8, 2015, this court denied without prejudice Plaintiff's motion for permissive joinder pending the resolution of the motion for contempt sanctions and disqualification. (Doc. No. 51). On November 13, 2015, Magistrate Judge Crawford denied Defendant's motion for sanctions and disqualification. (Doc. No. 55).

On November 16, 2015, Plaintiff renewed his motion for permissive joinder and motion to dismiss class claims without prejudice, this time for 36 additional managers. (Doc. No. 56). Defendant filed an opposition on January 5, 2016. (Doc. No. 58). Plaintiff replied on January 12, 2016. (Doc. No. 59).

**LEGAL STANDARDS**

Federal Rule of Civil Procedure Rule 20(a) provides that parties may join in one action as plaintiffs where "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Once these requirements are met, the court must "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1272, 1296 (9th Cir. 2000) (internal quotations omitted). Rule 20 is construed liberally "in order to promote trial convenience and to expedite the final determination of disputes." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.1977).

**DISCUSSION**

Plaintiff argues that his motion satisfies the threshold permissive joinder test as each of the 36 general managers assert identical allegations, and Defendant's uniform expectation for the general manager position creates a common question of law and fact. First, Plaintiff contends that the claims of the 36 general managers arise from the "same transaction, occurrence or series of transactions or occurrences." See Fed. R. Civ. P. 20(a)(1)(A). Plaintiff relies on Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974), which held that ten plaintiffs alleging injury from the same general policy of discrimination asserted a right to relief arising out of the "same transaction or occurrence." Plaintiff contends the rationale of Mosley applies here, as all 36 general managers were misclassified as "exempt" by virtue of Defendant's corporate policy, even though they "spen[t] 50 percent of their time performing non-exempt tasks." (Doc. No.

56-1, p. 11-12).

Without truly distinguishing between Defendant's "corporate policy" and "uniform expectation" for the general manager position, Plaintiff contends the controlling issue is "whether Defendant's expectation for the position [and the classification] is realistic in light of the scant labor budgets provided to the stores." (Id. at p. 13). Plaintiff further contends there is at least one common question regarding inadequate staffing and how that affected the realistic requirements of the job. Plaintiff explains that (1) each manager had the exact same job description; (2) the same standardized policies/procedures applied at each store; (3) the same metrics were used to review each general manager; and (4) there existed a finite list of tasks general managers were expected to perform on a daily/weekly basis. (Doc. No. 59, p. 10). Additionally, Plaintiff asserts that each of the 36 general managers were supervised by one of the two individuals, Rick Bode or Jason Fike, whose testimony would shed light on whether Defendant's "exempt" classification was realistic. (Id.).

Defendant counters that the claims of the 36 managers do not arise out of the "same transaction or occurrence." Defendant posits that the legality of "exempt" classification depends on how much time the individual manager spends performing exempt duties and how frequently the individual manager actually exercises discretion and independent judgment. (Doc. No. 58, p. 10). For example, Defendant explains, a store manager performing exempt duties 51 percent of the time may be exempt, whereas a store manager performing exempt duties 49 percent of the time may be non-exempt. See Cal. Labor Code § 515(e)). Thus, Defendant argues, the determination of whether an individual qualifies as exempt is a "fact-intensive inquiry." In re Wells Fargo Home Mortgage Overtime Litigation, 571 F.3d 953, 958 (9th Cir. 2009). Here, while all 36 general managers assert the same overtime, meal period, and rest period claims as Plaintiff, Defendant responds that the witnesses and evidence regarding those claims will necessarily be different, as the 36 general managers "worked in different stores, decided what to delegate and what to perform themselves, created their own schedules, trained

4

and supervised their own subordinates, were allocated and used different amounts of labor hours, achieved different financial results, etc." (Doc. No. 58, p. 11). Consequently, Defendant argues that this court would have to "conduct an individualized analysis of the way each employee actually spen[t] his or her time" and "determine how much of that work [was] exempt." See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 945 (9th Cir. 2009).

In Okoro v. U.S. Bank Nat'l Ass'n, 2013 WL 6173030 (N.D. Cal. Nov. 25, 2013), cited by Defendant, the district court denied Plaintiff's motion for permissive joinder under similar circumstances. Plaintiff, a former bank branch manager, sought to join two other former branch managers in nearby branches as additional plaintiffs based on the theory that all three of them had been misclassified as "exempt" from overtime and other wage-and-hour requirements. Id. at *1. The district court concluded that Plaintiff failed to satisfy the permissive joinder test as the managers worked at three different branches for different lengths of time, and consequently, their claims were based on dissimilar and individualized facts. Additionally, the district court concluded that Defendant's alleged policy of classifying non-exempt workers as exempt did not establish a common legal or factual question, given the factual dissimilarities of the branch managers' claims. Id., citing Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) ("the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact.").

In another misclassification case – involving a motion to sever Plaintiffs' action under Federal Rule of Civil Procedure 21(a) – the district court held that the claims of assistant store managers who had worked in different stores did not arise out of the "same transaction or occurrence," as each proposed plaintiff's claim would require witnesses and evidence specific to that plaintiff's work experience. Adams v. Big Lots Stores, Inc, 2009 WL 2160430, at *3 (E.D. La., July 16, 2009). The district court reasoned that plaintiffs' day-to-day activities, not simply their employer's decision to classify them as "exempt," must be examined to determine whether they were misclassified. Id. See also

Allen v. Dollar Tree Stores, Inc., 2012 WL 948713, at *2 (E.D. Cal., Mar. 20, 2012) ("Plaintiff's claims rest upon distinct and independent sets of facts, since each Plaintiff's exempt status depends on the work he actually performed during each week he was employed with Dollar Tree.") (internal quotations omitted).[1]

After considering all arguments, the court finds that Plaintiff has failed to satisfy either of the two prongs of the permissive joinder test. With respect to the first prong, the "same transaction or occurrence" requirement, Plaintiff argues that the proposed plaintiffs, like him, were misclassified as "exempt" and required to spend more than 50 percent of their time performing non-exempt work because of a uniform and systematic policy to restrict the amount of labor provided to Defendant's stores. However, as pointed out by Defendant, the determination of whether an individual qualifies as exempt is a "fact-intensive inquiry." In re Wells Fargo Home Mortgage Overtime Litigation, 571 F.3d 953, 958 (9th Cir.2009). The court is persuaded by the reasoning of Okoro, Adams, and Allen, and finds that because the 36 proposed plaintiffs worked at different stores for different lengths of time, their claims would require individualized and fact-intensive analysis.[2] Consequently, the proposed plaintiffs' claims are not sufficiently related to arise out of the "same transaction or occurrence." In essence, the operative "transaction or occurrence" is the individual work experience of each proposed Plaintiff.

Additionally, Plaintiff has also failed to satisfy the second prong of the test for permissive joinder: a common question of law or fact. Plaintiff contends that the main

---

[1] In his reply, Plaintiff cites another misclassification case, Wood v. TriVita, Inc., 2009 WL 2106291 (D. Ariz., June 22, 2009), where the district court reached the opposite result. While the district court did not provide detailed reasoning as to why the permissive joinder test was satisfied, it observed that the joinder would allow the proposed plaintiffs to fully pursue their claims because the claims would relate back to the date on which plaintiffs filed their notices of consent, and that it would not prejudice the defendant. Id. at *2. Additionally, it appears that contrary to this case, all proposed plaintiffs in that case were employed at one location, the defendant's headquarters.

[2] Mosley, cited by Plaintiff, is not helpful here. There, at issue was Defendant's general policy of discrimination, which may be determined without an individualized inquiry into the day-to-day work activities of each plaintiff.

and the common question to be answered by this court is whether the Defendant's expectation for the "exempt" classification was realistic. However, in order to determine whether the 36 proposed plaintiffs were misclassified as "exempt" employees, the court will have to analyze the actual day-to-day activities of each Plaintiff and whether or not they performed more than 50 percent "exempt" work, not Defendant's expectations of the same. See Cal. Labor Code § 515(e); see also Allen, 2012 WL 948713, at *2. Because the required focus here is on the proposed plaintiffs' actual work, the testimony of Rick Bode or Jason Fike is highly unlikely to relieve the court of the necessity to conduct an individualized inquiry into each proposed plaintiff's circumstances. As such, Defendant's allegedly uniform expectation for the general manager position does not create a common question of law or fact.

In sum, the court finds that Plaintiff has not established that the claims of the 36 proposed plaintiffs satisfy the requirements of the permissive joinder test.[3]

## CONCLUSION

Plaintiff's renewed motion for permissive joinder, and the related motion to dismiss class claims is hereby DENIED.

IT IS SO ORDERED.

DATED: March 22, 2016

JEFFREY T. MILLER
United States District Judge

---

[3] In its opposition, Defendant raises additional arguments against granting Plaintiff's renewed motion for permissive joinder, such as untimeliness, lack of jurisdiction, and prejudice to Defendant. Because the court finds that Plaintiff has failed to satisfy the threshold permissive joinder test, it does not address the additional arguments.