# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HERNANDEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, LP and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 13cv2587 JM (KSC)<br><br>**ORDER APPROVING SETTLEMENT** |

On May 31, 2017, Plaintiff Jack Hernandez filed an unopposed motion for approval of his settlement with Defendant Best Buy Stores, LP ("Best Buy"). (Doc. No. 87.) The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, grants Plaintiff's motion.

## BACKGROUND

Plaintiff initiated this case on August 2, 2013, in San Diego Superior Court. Best Buy removed it to this court a few months later. (See Doc. No. 1.) The operative complaint alleges that Plaintiff and other salaried general managers of Defendant's "Best Buy Mobile" locations were misclassified as exempt employees and, as a result, improperly denied overtime pay and meal periods. (See Doc. No. 19.) As part of his

1

prayer for relief, Plaintiff seeks civil Private Attorneys General Act ("PAGA") penalties on behalf of himself, the State of California, the Labor and Workforce Development Agency ("LWDA"), and the putative class of general managers.

Although Plaintiff initially filed the case as a class action, he did not pursue class certification. Instead, he filed a motion for permissive joinder of three dozen other general managers. The court denied that motion, finding "that because the 36 proposed plaintiffs worked at different stores for different lengths of time, their claims would require individualized and fact-intensive analysis." (Doc. No. 61 at 6.) In the wake of that decision, those other general managers filed a multi-plaintiff action in San Diego Superior Court, Baroga et al. v. Best Buy Stores, LP, Case No. 37-2015-00037695-CU-OE-CTL.

Now, nearly four years after it began, Plaintiff and Best Buy have reached an agreement resolving this case in its entirety, including Plaintiff's representative PAGA claim.[1] In the instant motion, Plaintiff asks the court to approve the parties' settlement of that claim.

## LEGAL STANDARDS

California Labor Code section 2699(a) provides:

> Notwithstanding any other provision of law, any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . . .

In essence, PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees." Iskanian v. CLSTrans. Los Angeles, LLC,

---

[1] Plaintiff states that the parties to the Baroga action have also reached a full settlement.

2

13cv2587 JM (KSC)

59 Cal. 4th 348, 360 (2014). A plaintiff who brings a PAGA claim "does so as the proxy or agent of the state's labor law enforcement agencies." Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). Because the "plaintiff represents the same legal right and interest as state labor law enforcement agencies, . . . a judgment in an employee's action under [PAGA] binds not only that employee but also the state labor law enforcement agencies." Id. In addition, the judgment "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." Id.

If the employer employs one or more employees, as is the case here, the civil penalty is $100 for each aggrieved employee per pay period for the "initial violation" and $200 for each aggrieved employee per pay period for each "subsequent violation." Cal. Lab. Code § 2699(f)(2). Seventy-five percent of the civil penalties are distributed to the LWDA, and the remainder is distributed to the aggrieved employee(s) who initiated the claim. Id. § 2699(i). When PAGA claims are settled, the trial court must "review and approve" the settlement. Id. § 2699(l). In so doing, the court must consider whether the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statute." O'Connor v. Uber Techs., Inc., 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016). Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." Id. at 1132–33.

## DISCUSSION

As set forth in the settlement agreement,[2] the parties have agreed to resolve Plaintiff's representative PAGA claim for $5,000, with $3,750 (seventy-five percent) going to the LWDA and $1,250 (twenty-five percent) going to Plaintiff. The parties assert that these amounts are "fair and reasonable" and declare that the settlement is the

---

[2] With the exception of the PAGA allocation, the specific terms of the settlement are confidential, although the parties filed an unredacted settlement agreement under seal for the court's review. (See Doc. No. 86.)

3

product of hard-fought litigation, including extensive discovery and at least one mediation session. However, because the settlement serves to "fully release and forever discharge" Best Buy from any and all PAGA claims "that were asserted or could reasonably have been asserted" in this case, (see Doc. No. 87-2 at 7–8), the court must evaluate, and ultimately approve, the settlement.

To support his contention that $5,000 is fair and reasonable, Plaintiff first notes that during the one-year statutory claim period for PAGA penalties, he worked just fourteen pay periods. What's more, "any alleged violation [by Best Buy] would likely be treated as an 'initial violation' under PAGA"—and thus subject to a penalty of $100 per pay period rather than $200—because "no court, commissioner, or any other authority had held [that] Best Buy misclassified" the general managers.

Based on the California Court of Appeal's holding in Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1209 (2008), the court agrees. In Amaral, the Court of Appeal asked, "how is one to tell what constitutes a subsequent as opposed to initial violation?" Because "the statutes do not explain," the court answered its own question: "Until the employer has been notified that it is violating a Labor Code provision (whether or not the Commissioner or court chooses to impose penalties), the employer cannot be presumed to be aware that its continuing underpayment of employees is a 'violation' subject to penalties." Id. Given this guidance, the court does not dispute Plaintiff's attestation that the "amount in controversy for Plaintiff's PAGA claim would be, at most $1,400."

Such a narrow focus—the value of only Plaintiff's individual PAGA claim—omits an important consideration, however. After all, the settlement releases Best Buy from PAGA liability for any and all claims by similarly situated general managers that were asserted or reasonably could have been asserted based on the facts of this case. Thus, a more pertinent question is whether courts commonly find that PAGA settlements of similar amounts satisfy the statute's purpose when numerous employees (an entire class, say) are involved.

4

Plaintiff cites many such cases, a number of which arise out of this district, in arguing that courts "repeatedly approve[] PAGA allocations of both smaller amounts and that comprised a smaller portion of the total settlement consideration in the agreements at issue." (See Doc. No. 87-1 at 10–11 (citing Davis v. Cox Commc'ns California, LLC, No. 16cv989 BAS (BLM), 2017 WL 1496407, at *1 (S.D. Cal. Apr. 26, 2017) (preliminarily approving $4,000 PAGA allocation in $275,000 settlement); Moore v. Fitness Int'l, LLC, No. 12cv1551 LAB (NLS), 2014 WL 12571448, at *5 (S.D. Cal. Jan. 22, 2014) (approving $2,500 PAGA allocation when attorneys' fees award alone amounted to $200,000); Jack v. Hartford Fire Ins. Co., No. 09cv1683 MMA (JMA), 2011 WL 4899942, at *6 (S.D. Cal. Oct. 13, 2011) (approving $3,000 PAGA allocation in $1,200,000 settlement); Singer v. Becton Dickinson & Co., No. 08cv821 IEG (BLM), 2010 WL 2196104, at *2 (S.D. Cal. June 1, 2010) (approving $3,000 PAGA allocation in $1,000,000 settlement); Hopson v. Hanesbrands Inc., No. CV-08-0844 EDL, 2009 WL 928133, at *9 (N.D. Cal. Apr. 3, 2009) (approving $1,500 PAGA allocation in $1,026,000 settlement); In re Nordstrom Commission Cases, 186 Cal. App. 4th 576, 579 (2010) ("[T]he trial court did not abuse its discretion in approving a settlement which does not allocate any damages to the PAGA claims.").)

Indeed, those cases indicate that a $5,000 PAGA allocation is not out of the ordinary. But there is a difference between those cases and this case. In those cases, other employees could share in the class-wide recovery and, in all likelihood, in twenty-five percent of the PAGA penalties. Here, by contrast, Plaintiff wishes to surrender PAGA claims for general managers who will not share in his personal recovery or any portion of the PAGA allocation.

Though this is potentially troubling, the court finds that it should not preclude approval of the settlement in this case for three reasons. First, Plaintiff represents that the general managers in the Baroga action "are also receiving separate monetary compensation in exchange for a release of their claims." (Doc. No. 87-1 at 11.) Second, because no class was certified, and in fact the court previously determined that even

5

13cv2587 JM (KSC)

joinder was unwarranted, it is not clear that any other general manager could allege facts justifying PAGA penalties (though this appears unlikely given the Baroga litigation). Finally, and most importantly, a PAGA claim "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." Arias, 46 Cal. 4th at 986. If PAGA settlements of less than $5,000 in the above-cited cases are enough to protect the public, the PAGA settlement in this case is enough to protect the public, as well.[3]

**CONCLUSION**

For the foregoing reasons, the court grants Plaintiff's motion and approves the settlement filed as docket entry 86 (unredacted version) and Exhibit 1 to docket entry 87-2 (redacted version). The parties shall execute the settlement and file a motion to dismiss this action, with prejudice, within sixty days of this order.

IT IS SO ORDERED.

DATED: June 6, 2017

JEFFREY T. MILLER
United States District Judge

---

[3] There is no doubt that, along with recovering on his individual claims, Plaintiff will also reap $1,250 on his PAGA claim—recompense that is now unavailable to future plaintiffs with similar claims pursuant to section 2.D. of the settlement agreement. This, again, is not reason to deny Plaintiff's motion, and could be viewed as akin to a lead plaintiff service award, which also serves to benefit only the employee willing to prosecute the case.